# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45260

STATE OF IDAHO, )
)  **Boise, June 2018 Term**
   Plaintiff-Respondent, )
)  **Filed: October 31, 2018**
v. )
)  **Karel A. Lehrman, Clerk**
NICHOLAS BRIAN SUNSERI, )
)
   Defendant-Appellant. )

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County, Hon. Cynthia K.C. Meyer, District Judge.

The decision of the district court is reversed and remanded with instructions.

Bolton Law, PLLC, Coeur d'Alene, for Appellant. Katherine J. Bolton argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for Respondent. Theodore S. Tollefson argued.

_____

HORTON, Justice.

Nicholas Brian Sunseri appeals from the decision of the district court affirming the magistrate court's order denying Sunseri's motion to withdraw his guilty plea. We reverse the decision of the district court and remand with instructions.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Sunseri was arrested on Friday, April 15, 2016, and charged by uniform citation with two misdemeanors: domestic violence committed in the presence of a child, a violation of Idaho Code section 19-918(4), and interfering with a 911 call, a violation of Idaho Code section 18-6810. On Monday, April 18, 2016, Sunseri was in custody when he made his first appearance before the magistrate court. The magistrate court advised Sunseri of his rights and the potential penalties associated with the charges he faced.

1

The Coeur d'Alene City Attorney's Office had previously lodged[1] with the magistrate court a document styled as "Waiver of Appearance," in which it waived the right to be present and advised the magistrate court of its plea offer to Sunseri. At his first appearance, the magistrate court advised Sunseri[2] of the State's offer to dismiss the charge of interfering with a 911 call[3] in exchange for his guilty plea to the charge of domestic battery in the presence of a child. The State further agreed to recommend that Sunseri receive a 180 day jail sentence, with 177 days suspended, a $300 fine, and that he be placed on unsupervised probation for two years, contingent on his compliance with the recommended treatment from a combined domestic violence/substance abuse evaluation. The Waiver of Appearance further recommended that bond be set at $3,000 and that Sunseri be ordered to have no contact with his alleged victim.

Although Sunseri had not met with an attorney to discuss the offer, the magistrate court advised Sunseri of the terms of the State's plea offer. Sunseri responded that he understood and

---

[1] The Waiver of Appearance and plea offer were not filed for more than three hours after Sunseri made his first appearance.

[2] Although not directly informing our decision in this appeal, we are deeply troubled by the trial court extending a plea offer to an uncounseled defendant on behalf of the State. In 2010, Idaho was the subject of a sharply critical report regarding the access to counsel for indigent defendants. That report appropriately observed:

> Any person charged with a crime, whether felony or misdemeanor, has the right to represent themselves if they so choose. When a person works out a plea agreement with the prosecutor and pleads guilty to the offense, they are choosing to represent themselves. And when this occurs at their arraignment date — the first time they go to court on a charge — a defendant is giving up all of their rights without ever having the opportunity to receive advice from an attorney, consider any factual or legal defense they may have to the charge, talk to a lawyer about the possible sentencing options that might be available to them, and learn from that lawyer about the collateral consequences that may ensue from their decision to plead guilty. … [T]he volume of misdemeanor cases, far greater in number than felony prosecutions, may create an obsession for speedy dispositions, regardless of the fairness of the result. ... There is evidence of the prejudice which results to misdemeanor defendants from this "assembly line justice."
>
> …
>
> Our courts are supposed to protect defendants by ensuring, before they waive their right to counsel and plead guilty, a judge confirms the defendant understands the rights he is giving up. … Any waiver of the right to counsel must protect against the danger that "innocent men pitted against trained prosecutorial forces may waive counsel and plead guilty to crimes they have not committed, if they think that by doing so they will avoid the publicity of trial, secure a break at the sentencing stage, or simply get the whole thing over with." Moreover, taking the time to ensure a defendant actually knows what he is doing before accepting his waiver and allowing him to plead guilty without counsel protects the criminal justice system from unnecessary appeals, post-conviction and retrials.

Nat'l Legal Aid & Defender Ass'n., *The Guarantee of Counsel: Advocacy and Due Process in Idaho's Trial Courts* iii (2010), 46–47, *available at* http://www.nlada.net/sites/default/files/id_guaranteeofcounseljseri01-2010_report.pdf (last accessed October 1, 2018) (citations and footnotes omitted).

We are further troubled that the minutes from Sunseri's first appearance reflect that "PA" was the speaker extending the offer, notwithstanding the City Attorney's absence.

[3] Due to Sunseri's efforts to withdraw his guilty plea, this charge has not been dismissed.

accepted the offer. Sunseri then waived his right to counsel and entered a plea of guilty to domestic violence in the presence of a child. The magistrate court then entered a no contact order and released Sunseri on his own recognizance after Sunseri signed his acknowledgement of receipt of the no contact order. Three days later, the magistrate court entered an order scheduling sentencing for July 29, 2016.

Thereafter, Sunseri consulted with an attorney and learned that his guilty plea would result in a loss of his right to possess firearms and ammunition by operation of 18 U.S.C. section 922(g)(9). More than six weeks prior to his scheduled sentencing date, Sunseri moved to withdraw his guilty plea. He filed an affidavit in support of his motion in which he stated that he found the plea offer to be "very appealing because it made it likely I would be immediately released from jail and be able to return to my job." He indicated that he pled guilty because he "wanted to return to work and did not want to lose my job." Most pertinent to this appeal, he explained that he wished to withdraw his plea of guilty because: "I was not advised that a consequence of my guilty plea was a lifetime ban on my right to own and possess firearms and ammunition. This right is very important to me. Had I known I would lose this important right, I would not have pled guilty."

The magistrate court denied Sunseri's motion, finding that Sunseri had not shown just cause for withdrawal of his guilty plea. Specifically, the magistrate found that the loss of gun rights was a collateral consequence of the guilty plea and, because defendants are not required to be apprised of collateral consequences in order for their plea to be considered voluntarily, knowingly, and intelligently entered, held that Sunseri had not offered a just reason to withdraw his plea. The district court affirmed on the same basis. Sunseri timely appealed.

## II.    STANDARD OF REVIEW

When reviewing the decision of a district court sitting in its capacity as an appellate court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012) (quoting *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008)).

3

We review "cases where a defendant has attempted to withdraw a guilty plea" for abuse of discretion. *State v. Dopp*, 124 Idaho 481, 483, 861 P.2d 51, 53 (1993). Under this standard, the Court examines whether the trial court:

> (1) Correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 421 P.3d 187, 198 (2018).

## III.    ANALYSIS

As noted above, the magistrate court denied Sunseri's motion to withdraw his guilty plea because Sunseri had not shown just cause for withdrawal of his guilty plea. Specifically, the magistrate ruled that the loss of gun rights was a collateral consequence of the guilty plea. Because a defendant is not required to be apprised of collateral consequences in order for the guilty plea to be considered entered voluntarily, knowingly, and intelligently, the magistrate court determined that Sunseri had not offered a just reason to withdraw his plea. The district court affirmed on the same basis.

Sunseri's motion was based on Idaho Criminal Rule 33(c), which provides the mechanism for withdrawal of a guilty plea:

> A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court may set aside the judgment of conviction after sentence and may permit the defendant to withdraw a plea of guilty.

As the text of the Rule reflects, the timing of a motion to withdraw a guilty plea is critical to identifying the governing legal standard. "The rule distinguishes between [motions to withdraw a guilty plea] made prior to and after sentencing, exacting a less rigorous measure of proof for presentence motions." *State v. Flowers*, 150 Idaho 568, 571, 249 P.3d 367, 370 (2011) (quoting *Dopp*, 124 Idaho at 485, 861 P.2d at 55). "To withdraw a guilty plea prior to sentencing, the defendant must show a just reason for withdrawing the plea. If he does so, then the State may avoid the granting of the motion by showing that prejudice would result if the plea were withdrawn." *Id.* However, unlike a motion made prior to sentencing, a showing of manifest injustice is necessary in order to withdraw a guilty plea after sentencing. *Id.* "Manifest injustice will be found if the plea was not taken in compliance with the constitutional due process standards requiring that a guilty plea be entered into voluntarily, knowingly, and intelligently."

4

*State v. Heredia*, 144 Idaho 95, 98, 156 P.3d 1193, 1196 (2007) (citing *State v. Huffman*, 137 Idaho 886, 887, 55 P.3d 879, 880 (Ct. App. 2002)).

The decision in *State v. Hanslovan*, 147 Idaho 530, 211 P.3d 775 (Ct. App. 2008), demonstrates the proper analysis of a motion to withdraw a plea prior to sentencing. As the Court of Appeals explained: "The first step in analyzing a motion to withdraw a guilty plea is to determine whether the plea was knowingly, intelligently, and voluntarily made. *If the plea is constitutionally valid, the court must then determine whether there are any other just reasons for withdrawal of the plea.*" *Id.* at 536, 211 P.3d at 781 (emphasis added) (quoting *State v. Rodriguez*, 118 Idaho 957, 959, 801 P.2d 1308, 1310 (Ct. App. 1990)). Both the district and magistrate courts ended their analysis after determining that Sunseri's plea was knowingly, intelligently, and voluntarily made. The district court failed to recognize that the magistrate court had not proceeded to the second step of determining whether there was any other just reason for withdrawal of his guilty plea.[4] The result was to conflate the "manifest injustice" standard, which requires the trial court to grant a motion to withdraw a guilty plea, with the "just cause" standard, which confers discretionary authority upon the trial court to permit a defendant to withdraw a guilty plea. We therefore conclude that the district court erred when it affirmed the decision of the magistrate court.

On remand to the magistrate court, that court should apply the following analytical framework articulated by the Court of Appeals:

> [W]ithdrawal of a guilty plea before sentence is imposed is not an automatic right. A defendant seeking to withdraw a guilty plea before sentencing must show a just reason for withdrawing the plea. The just reason standard does not require that the defendant establish a constitutional defect in his or her guilty plea. Once the defendant has met this burden, the state may avoid a withdrawal of the plea by demonstrating the existence of prejudice to the state. The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution.

*State v. Hartsock*, 160 Idaho 639, 641, 377 P.3d 1102, 1104 (Ct. App. 2016) (citations omitted).

---

[4] Both lower courts correctly noted that Idaho Criminal Rule 11(c)(2) requires a trial court to apprise the defendant only of "direct consequences that may apply" before accepting a guilty plea. "There is a prima facie showing that a plea was entered into knowingly and voluntarily when the minimum requirements of [Idaho Criminal Rule] 11 are met." *Heredia*, 144 Idaho at 97, 156 P.3d at 1195. Because the district court applied an erroneous standard when reviewing the decision of the magistrate court, we do not reach the question of whether the loss of gun rights is a collateral consequence of a plea of guilty to a violation of Idaho Code section 18-918.

5

The determination whether a defendant has shown a just reason for withdrawal of the plea is a factual decision committed to the discretion of the trial court. Given the fact-intensive nature of the inquiry, this Court has not previously attempted to define what constitutes a "just reason" for withdrawal of a guilty plea. Among other factors, the trial court should consider: (1) whether the defendant has credibly asserted his legal innocence; (2) the length of delay between the entry of the guilty plea and the filing of the motion; (3) whether the defendant had the assistance of competent counsel at the time of the guilty plea; and (4) whether withdrawal of the plea will inconvenience the court and waste judicial resources. "[T]he good faith, credibility, and weight of the defendant's assertions in support of his motion to withdraw his plea are matters for the trial court to decide." *Hanslovan*, 147 Idaho at 537, 211 P.3d at 782. The trial court is encouraged to liberally exercise its discretion in granting a motion to withdraw a guilty plea. *State v. Wyatt*, 131 Idaho 95, 97, 952 P.2d 910, 912 (Ct. App. 1998).

If the trial court determines that the defendant has shown a just reason for withdrawing his plea, it must then consider prejudice to the State. In this regard, the State bears the burden of showing substantial prejudice:

> A showing of prejudice requires more than mere inconvenience to the state, such as the death of a principal witness, *Dopp,* 124 Idaho at 486, 861 P.2d at 56, the return of evidence to the victims rendering it unavailable to the state, *Wyatt,* 131 Idaho at 98–99, 952 P.2d at 913–14, or the passage of time that affects witness memory, especially the memory of a witness with limited mental abilities, *State v. Hawkins,* 115 Idaho 719, 722–23, 769 P.2d 596, 599–600 (Ct.App.1989).

*Hanslovan*, 147 Idaho at 538 n.9, 211 P.3d at 783 n.9.

## IV.    CONCLUSION

We reverse the decision of the district court with direction to reverse the decision of the magistrate court and to remand this matter for a determination of whether Sunseri had shown just cause to withdraw his guilty plea and, if so, whether the State can show prejudice to defeat the motion.

Chief Justice BURDICK, Justices BRODY, BEVAN and Justice Pro Tem GRATTON **CONCUR.**