**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46514**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 4, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ROBERT L. RIDEAUX, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction for possession of a stolen vehicle, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Robert L. Rideaux appeals from his judgment of conviction for possession of a stolen vehicle. Rideaux challenges the district court's order denying his motion to withdraw his guilty plea. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Rideaux with possession of a stolen vehicle, I.C. § 49-228, after he was stopped in a vehicle his mother had reported stolen. Pursuant to a plea agreement, Rideaux pled guilty. While entering his guilty plea, Rideaux admitted that he possessed the vehicle, his mother owned the vehicle, he did not have permission to use the vehicle, and he had "reason to believe or knowledge that it was a stolen vehicle." Rideaux failed to appear for his presentence

1

investigation interview, and the district court thereafter issued a bench warrant for Rideaux's arrest.

After being apprehended more than a year later, Rideaux moved to withdraw his guilty plea, arguing he possessed new information that tended to show his innocence. To support his motion, Rideaux attached a notarized letter from his mother dated fifteen months after Rideaux pled guilty, which reads, in relevant part:

> I gifted my car to my son [Rideaux] when he graduated from cooking school.
> The car is in my name and my husband's name due to [Rideaux's] financial instability and not being responsible. [Rideaux] had outburst of temper & anger problems. He was quick to lash out at people for no reasons. Also was constantly challenging authority. I told him that he was disrespectful to his parents so he had to leave the car, and buy his own, and if he took the car without permission it would be reported it stolen. [Rideaux] challenged me took the car and it was in my name so I had no choice but to report it stolen. I do not want to press charges!!

Over the State's objection, the district court admitted and considered the letter at the hearing on Rideaux's motion to withdraw his guilty plea. Ultimately, the district court denied Rideaux's motion to withdraw and imposed a suspended sentence. Rideaux appeals.[1]

## II.

## STANDARD OF REVIEW

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

---

[1] Rideaux also pled guilty to driving without privileges in a separate judgment of conviction. However, that judgment is not challenged in this appeal.

2

## ANALYSIS

Rideaux argues the district court erred in denying his motion to withdraw his guilty plea. Specifically, Rideaux contends that he established a just reason to withdraw his plea because his mother's notarized letter, along with his own testimony at the hearing on his motion to withdraw, "called into question the initial factual basis for his guilt and established legal innocence that could not have been raised earlier." Rideaux further contends that he should have been allowed to withdraw his guilty plea because the State failed to show it would be substantially prejudiced by the withdrawal. The State responds that the district court correctly denied Rideaux's motion because the letter from his mother that served as the basis for the motion was not admissible. Alternatively, the State contends that, even if the district court could consider the notarized letter from Rideaux's mother, the letter did not support Rideaux's claim of innocence. We hold that the district court did not err in denying Rideaux's motion to withdraw his guilty plea because he failed to establish just reason to permit withdrawal of his plea.

We first address the State's challenge to the district court's consideration of Rideaux's mother's notarized letter. When a motion to withdraw a guilty plea is predicated on alleged facts that do not appear in the record and are not conceded by the State, an evidentiary showing is required and the Idaho Rules of Evidence apply. *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009). Thus, the notarized letter was admissible only if it complied with the rules of evidence; it did not. The letter was inadmissible hearsay if considered for the truth of the matter asserted.[2] I.R.E. 801, 802. The district court originally indicated it was admitting the letter over the State's hearsay and foundation objections without articulating any limitation on its

---

[2] In ruling on the State's objection, the district court noted that the State presented an affidavit from Rideaux's mother at the preliminary hearing to establish ownership and suggested that "judicial estoppel" should apply because "if an affidavit's good in one hearing, and the State thinks it's perfectly fine and admissible," it should be "good in another hearing when it's counter to the State's position." As the State correctly noted, Idaho Criminal Rule 5.1 allows for admission of hearsay in the form of testimony or affidavits, including written certifications or declarations under penalty of perjury, at a preliminary hearing in order to establish ownership of real or personal property. That rule does not apply to other types of hearings under a theory of judicial estoppel or otherwise. Moreover, Rideaux's mother's letter was not an affidavit, was not certified, and did not contain a declaration that it was prepared under penalty of perjury.

admission or identifying any applicable hearsay exception. Later, in denying Rideaux's motion to withdraw his guilty plea, the district court stated it was "accepting" the letter "not so much as an exoneration" of Rideaux, but as his mother's "explanation of why she does not wish the matter to be prosecuted" and "wants the charges to be dropped." Although consideration for that limited purpose may still violate the rule against hearsay, such consideration is ultimately irrelevant to whether Rideaux established a just reason to withdraw his guilty plea.

Aside from the letter, Rideaux testified that the car he pled guilty to possessing was his, had been his for seventeen years, and his mother bought it for him. When asked if "anyone else had permission to use the vehicle," Rideaux testified that "the family" did, including his mom, stepfather, and son. On cross-examination, Rideaux admitted that the vehicle was titled and registered to his mother and stepfather. Rideaux also admitted that his mother paid the insurance on the vehicle and that she had reported it stolen. Nevertheless, Rideaux testified that it was his vehicle and that he was not truthful during his guilty plea colloquy when he said otherwise.

Defendants moving to withdraw a guilty plea prior to sentencing bear the burden of establishing a just reason to permit withdrawal of their plea. *State v. Sunseri*, 165 Idaho 9, 13, 437 P.3d 9, 13 (2018). If a defendant demonstrates a just reason, the motion may still be denied if the State shows prejudice would result if the plea were withdrawn. *Id.* Factors the trial court should consider in determining whether there is a just reason for withdrawal of a guilty plea include: (1) whether the defendant has credibly asserted his or her legal innocence; (2) the length of delay between the entry of the guilty plea and the filing of the motion; (3) whether the defendant had the assistance of competent counsel at the time of the guilty plea; and (4) whether withdrawal of the plea will inconvenience the court and waste judicial resources. *Id.* at 14, 437 P.3d at 14. When an assertion of innocence is made in order to withdraw a plea, the court must consider the reason why the defense was not asserted at the time of pleading. *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008). Further, the good faith, credibility, and weight of the defendant's assertions in support of a motion to withdraw a plea are matters for the trial court to decide. *Id.*

Although Rideaux's motion was made prior to sentencing, the district court noted the lengthy delay between his guilty plea and his motion to withdraw, which was due entirely to Rideaux absconding. Ultimately, however, the district court focused on Rideaux's admissions

4

from his plea colloquy, which formed a factual basis for guilt. Rideaux admitted that he had possession of a vehicle that belonged to his mother, that he did not have permission to use the vehicle, and that he knew or had reason to believe the vehicle was stolen. Thus, Rideaux admitted all the necessary elements to convict him of possession of a stolen vehicle. Although Rideaux retracted these admissions in attempting to withdraw his guilty plea, the district court effectively rejected these assertions in exercising its discretion to deny his motion. Further, without evidentiary support from his mother's letter, Rideaux's motion to withdraw his guilty plea was based only upon his bare assertion of innocence.[3] Because Rideaux's plea colloquy established a factual basis for his guilty plea, his bare denial of guilt could not constitute a just reason to withdraw his guilty plea. *See Hanslovan*, 147 Idaho at 537, 211 P.3d at 782 (stating that a mere assertion of innocence, by itself, is not grounds to withdraw a guilty plea); *see also State v. Dopp*, 124 Idaho 481, 486, 861 P.2d 51, 56 (1993) (holding that a denial of factual guilt is not a just reason for the later withdrawal of the plea). Therefore, the district court did not err in denying Rideaux's motion to withdraw his guilty plea.

## IV.

## CONCLUSION

Rideaux's bare assertion of factual innocence is insufficient to establish just reason to withdraw his guilty plea. Thus, Rideaux has failed to show that the district court erred in denying his motion to withdraw his guilty plea. Consequently, Rideaux's judgment of conviction for possession of a stolen vehicle is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

---

[3] Even if Rideaux's mother's letter could be considered as evidence of innocence as Rideaux argues, the letter does not establish that he owns the car or that he had permission to drive it at the time of his arrest. To the contrary, the letter indicates Rideaux's mother owns the car; gave it to Rideaux at one time, but then took it back; told Rideaux he did not have permission to take it; and that his mother would report it stolen if he did.

5