**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47321**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 24, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **SUBSTITUTE OPINION** |
| NICHOLAS LEE STUDER, | ) **THE COURT'S PRIOR OPINION** |
| | ) **DATED SEPTEMBER 23, 2020,** |
| Defendant-Appellant. | ) **IS HEREBY WITHDRAWN** |
| | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Duff McKee, District Court Judge. Hon. Jayme B. Sullivan, Magistrate Judge.

Order of the district court, on intermediate appeal from the magistrate court, affirming the denial of motion to withdraw guilty plea, affirmed.

Aaron Bazzoli, Canyon County Public Defender; Michael C. Florian, Deputy Canyon County Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Nicholas Lee Studer appeals from the district court's decision, on intermediate appeal, affirming the magistrate court's denial of his motion to withdraw his guilty plea. Studer alleges the district court's analysis did not include consideration of all required factors, and therefore the district court erred. Because Studer's assertion is not supported by the record, the district court's decision is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL SUMMARY

Officers responded to a dispatch call, alerting them to a situation between two motorists on the side of Highway 72, between Highway 30 and Highway 52. Dispatch informed the officers that one of the motorists, Studer, was agitated and had threatened to shoot the other motorist who had stopped to render aid. The officers arrived at the scene and ordered Studer to the ground. Studer refused, entered his truck, and proceeded to drive west on Highway 72. A pursuit ensued. Throughout the pursuit, the officers followed Studer onto Highway 30, Interstate 84, and eventually 10th Street in Caldwell, where Studer came to a stop. Studer was arrested and transported to the Canyon County jail. The Canyon County prosecutor charged Studer with assault for his threat to the other motorist, obstructing and/or delaying an officer, and eluding a peace officer, all misdemeanors.

In magistrate court, pursuant to a plea agreement, Studer pled guilty to assault and the Canyon County prosecutor dismissed the other charges. After administering a plea colloquy, the magistrate court determined Studer was entering the plea freely and voluntarily, and he understood the consequences of pleading guilty.[1] The magistrate court accepted Studer's guilty plea and set the matter for sentencing.

Subsequently, the Payette County prosecutor charged Studer with obstructing or delaying an officer and eluding an officer, the two charges the Canyon County prosecutor previously dismissed in Studer's Canyon County case, stemming from the same incident.[2] Upon learning of the charges in Payette County, Studer filed a motion to withdraw his guilty plea.

A different magistrate judge presided over the hearing on Studer's motion to withdraw his guilty plea. At the hearing, Studer argued that he did not enter his guilty plea knowingly because, at the time of the plea entry, he believed that he "was getting rid of two charges that now are being filed against him in a different county." Studer emphasized there was confusion over where the incidents took place and this confusion provided just reason for him to withdraw his plea.

---

[1]     A transcript of the change of plea hearing is not included in the record. Portions of a transcript missing on appeal are presumed to support the actions of the district court. *State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct. App. 1992).

[2]     The Payette County prosecutor later dismissed both charges.

The magistrate court found the location of where all the incidents occurred was "a little bit confusing" but, nevertheless, found that Studer's plea was made knowingly:

> As far as the entry of the plea in this case being made knowingly and voluntarily, I agree with the State's position that [the first magistrate] does conduct a very thorough entry of plea advisement of rights and makes sure that Defendants understand those rights and that when they are entering a plea that they do so knowingly and voluntarily. So, I don't find that that would be a basis to withdraw.

Accordingly, the magistrate court denied Studer's motion and sentenced Studer to ninety days, with credit for time served. Studer appealed.

On appeal to the district court, Studer argued that his guilty plea was not made knowingly because he was unaware that the Payette County prosecutor was going to file similar charges and that the assault may have been committed in Payette County. Studer stated that he did not wish to withdraw his guilty plea to fight the assault charge, but instead to be sentenced in the correct jurisdiction. The district court affirmed the magistrate court's decision. Studer timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

This Court reviews cases where a defendant has attempted to withdraw a guilty plea for abuse of discretion. *State v. Dopp*, 124 Idaho 481, 483, 861 P.2d 51, 53 (1993). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

3

## III.

## ANALYSIS

On appeal, Studer argues the district court used an incomplete analysis in determining that the magistrate court did not abuse its discretion by denying Studer's motion to withdraw his guilty plea. Studer alleges the district court improperly restricted its inquiry to an abuse of discretion analysis, when the court should have additionally considered the factors articulated in *State v. Sunseri*, 165 Idaho 9, 437 P.3d 9 (2018). When the *Sunseri* factors are considered, Studer contends the magistrate court abused its discretion by denying his motion to withdraw his guilty plea. Studer states that he is "not attempting to fight the charge of Assault, but merely wanting to be charged in the correct jurisdiction." In response, the State argues Studer failed to provide a just reason to withdraw his guilty plea.

Presentence motions to withdraw a guilty plea are subject to a less rigorous measure of proof than those filed after sentencing. *Sunseri*, 165 Idaho at 13, 437 P.3d at 13. When an individual moves to withdraw his guilty plea prior to sentencing, the first step in the analysis is to determine if the defendant entered the plea knowingly, intelligently, and voluntarily. *Id.* at 14, 437 P.3d at 14. If so, the trial court "must then determine whether there are any other just reasons for withdrawal of the plea." *Id.* The determination of whether a defendant provided a just reason for withdrawal of the plea is a factual decision committed to the discretion of the trial court. *Id.* In making this determination, the trial court should consider: (1) whether the defendant has credibly asserted his legal innocence; (2) the length of delay between the entry of the guilty plea and the filing of the motion; (3) whether the defendant had the assistance of competent counsel at the time of the guilty plea; and (4) whether withdrawal of the plea will inconvenience the court and waste judicial resources. *Id.* If the trial court determines that the defendant has shown a just reason for withdrawing his plea, the court must then consider prejudice to the State that would result if the plea were withdrawn. *Id.*

Here, Studer's only claim of error with the district court's decision is an assertion that the district court did not address the four *Sunseri* factors in its decision affirming the magistrate court. However, the district court did address the *Sunseri* factors; it cited to the factors, listed Studer's assertions pertaining to each factor, and analyzed why those assertions did not demonstrate that the magistrate court abused its discretion. The district court found that Studer had not credibly asserted his innocence under the first *Sunseri* factor because he conceded that he

was guilty of the assault charge but wished to be sentenced in a different county. Additionally, the district court found Studer's assertions under the other *Sunseri* factors were predicated on an unsubstantiated contention that Studer committed the assault in Payette County. The district court found the record did not indicate that the assault occurred in Payette County, and Studer did not provide any evidence that Canyon County was the incorrect venue for the charge. Therefore, the district court found that the magistrate court had not abused its discretion by denying Studer's motion to withdraw his guilty plea. Because Studer's only claim of error is an unsupported assertion that the district court did not address the *Sunseri* factors, Studer has not established error in the district court's decision, which affirmed the magistrate court's denial of Studer's motion to withdraw his guilty plea.

## IV.

## CONCLUSION

Studer's allegation that the district court did not address the *Sunseri* factors is not supported by the record. Because this is Studer's only claim of error, Studer has not established error in the district court's decision. Accordingly, the district court's decision, affirming the magistrate court's denial of Studer's motion to withdraw his guilty plea, is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.