**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49407**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 13, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL JASON WALKER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Michael Jason Walker appeals from his conviction for felony possession of a controlled substance pursuant to Idaho Code § 37-2732(c). Walker argues the district court abused its discretion by denying his motion to withdraw his guilty plea. A guilty plea may be withdrawn prior to sentencing if the defendant establishes a "just reason" and the withdrawal does not prejudice the State. Walker failed to establish a "just reason" to withdraw his guilty plea; thus, the district court did not abuse its discretion when it denied Walker's withdrawal of his guilty plea. Walker's judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Following an incident where police arrested Walker, Walker was charged with: (1) unlawful possession of a controlled substance, felony, I.C. § 37-2732(c); (2) possession of drug

1

paraphernalia, I.C. § 37-2734A; (3) using or being under the influence of a controlled substance, I.C. § 49-142; and (4) resisting and or obstructing an officer, I.C. § 18-705.

In exchange for Walker's guilty plea to the felony possession of a controlled substance charge, the State agreed to dismiss the remaining charges and recommend a unified sentence of seven years, with two years determinate, and to recommend the district court place Walker on probation. At the guilty plea hearing, the court engaged Walker in an extensive colloquy. The district court accepted Walker's guilty plea to unlawful possession of a controlled substance.

Approximately two months later, after Walker had been interviewed by the presentence investigator but prior to sentencing, Walker moved the court to withdraw his guilty plea. To support his motion, Walker asserted he believed that by pleading guilty, he would be released from jail and he "didn't fully understand the procedure of pleading guilty and that he would no longer have an opportunity to contest the state's case against him." The court found Walker had knowingly, intelligently, and voluntarily pleaded guilty and Walker did not present a "just reason" for withdrawing his guilty plea. The court denied Walker's motion to withdraw his guilty plea and sentenced him to a unified sentence of seven years, with two years determinate, and retained jurisdiction. The remaining charges were dismissed pursuant to the plea agreement.

Walker timely appeals.

## II.

## STANDARD OF REVIEW

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised some judicial discretion as distinguished from arbitrary action. *Id*.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

2

## ANALYSIS

Walker argues the district court abused its discretion by denying his motion to withdraw his guilty plea. Specifically, Walker argues he asserted a "just reason" to withdraw his guilty plea because he pled guilty without fully understanding the consequences of his guilty plea, and he incorrectly believed he would be released from jail if he pleaded guilty. Walker further argues a withdrawal of his guilty plea would not have prejudiced the State. In response, the State argues Walker did not preserve his argument regarding his "just reason" to withdraw his plea, but even if he did, the district court did not abuse its discretion when it denied Walker's motion to withdraw his guilty plea because Walker knowingly, intelligently, and voluntarily pleaded guilty and lacked a "just reason" to withdraw his guilty plea. Additionally, the State argues a showing of prejudice against the State is not necessary because Walker failed to meet his initial burden of showing a "just reason" to withdraw his valid guilty plea and, thus, the burden to establish prejudice never shifted to the State.

Idaho Criminal Rule 33(c) provides the mechanism for a defendant to move to withdraw a guilty plea prior to sentencing. "[T]he timing of a motion to withdraw a guilty plea is critical to identifying the governing legal standard." *State v. Sunseri*, 165 Idaho 9, 13, 437 P.3d 9, 13 (2018). If a defendant files a motion to withdraw a guilty plea *before* sentencing, the motion is subject to the "just reason" standard, which the district court is encouraged to apply liberally. *Id.* at 13-14, 437 P.3d at 13-14. Despite the "just reason" standard as not being a particular onerous standard, there is no automatic right to withdrawing a guilty plea before a sentence is imposed. *Id.* at 14, 437 P.3d at 14.

The first step in analyzing a motion to withdraw a guilty plea prior to sentencing is to determine whether the plea was constitutionally valid. *Id.* A constitutionally valid plea requires the defendant to enter the plea knowingly, intelligently, and voluntarily. *Id.* If the plea is constitutionally valid, the trial court must then determine whether there are any other "just reasons" for the plea withdrawal. *Id.* This is a factual determination committed to the trial court's discretion, but among other factors the court should consider are:

> (1) whether the defendant has credibly asserted his legal innocence; (2) the length of delay between the entry of the guilty plea and the filing of the motion; (3) whether the defendant had the assistance of competent counsel at the time of

the guilty plea; and (4) whether withdrawal of the plea will inconvenience the court and waste judicial resources.

*Id*. The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *State v. Hartsock*, 160 Idaho 639, 641, 377 P.3d 1102, 1104 (Ct. App. 2016). Ultimately, "[t]he good faith, credibility, and weight of the defendant's assertions in support of his motion to withdraw his plea are matters for the trial court to decide." *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008). Failure to present and support a plausible reason will dictate against granting withdrawal, even when there is no prejudice to the State. *Id*. If the trial court determines the defendant provided a "just reason" for withdrawal, the burden shifts to the State to show that prejudice would result if the trial court were to grant the defendant's motion. *Id*.

We first address the State's preservation argument. On appeal, Walker argues he showed a "just reason" for withdrawing his guilty plea because he "understood that, by pleading guilty, he would be getting out of jail, i.e., he would be granted probation." Walker further argues that in this case, "'getting out of jail' necessarily means getting a sentence of probation." The State argues that Walker's argument is unpreserved for review because in the district court Walker did not say he thought he would be getting probation, only that he would be "getting out of jail."

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). In his motion to withdraw his guilty plea, Walker asserted: "Defendant claims that in his mind he understood that by pleading guilty he was getting out of jail." For the first time on appeal, Walker argues that "being released from jail" is the equivalent of being placed on probation at sentencing. Walker argues that "whether described as 'getting out of jail' or being granted 'probation,' Mr. Walker's claim of 'just reason' is clearly based on his understanding that 'by pleading guilty' he would be granted freedom from incarceration."[1] However, at the time Walker entered his guilty plea, he did not assert that a term

---

[1] Walker posted a surety bond on October 13, 2021, approximately a month before he filed his motion to withdraw this guilty plea. At the hearing on the motion to withdraw the guilty plea, Walker's counsel stated: "Well, Your Honor, this is essentially a buyer's remorse-type situation. After he pled guilty and *got out in the community*, he found me at the jail while I was visiting another client." (Emphasis added.) Walker's argument is unconvincing because the record indicates that Walker was released from jail prior to the guilty plea withdrawal hearing.

4

of the plea agreement was that he would be released from jail pending sentencing. In fact, Walker explicitly denied there were any additional terms of the plea agreement.

Walker's motion to withdraw his guilty plea was filed after he had been interviewed by the presentence investigator, but before he was sentenced. Given the language and timing of the motion, the basis for the motion could only mean that Walker thought he would be released from jail after he entered his plea but before he was sentenced. We decline to add the word "probation" to the motion or read the motion as Walker wishing to withdraw his guilty plea because he might not be placed on probation at the yet-to-occur sentencing hearing. Because Walker did not raise the same argument in the district court as he raises on appeal, he has failed to preserve this argument.

But even if we were to address Walker's claims on the merits, the district court did not abuse it's discretion in denying Walker's motion. The district court engaged Walker in an extensive colloquy to ensure Walker was entering a constitutionally valid guilty plea. Walker completed the guilty plea advisory form with the assistance of counsel and informed the district court that he had enough time to talk to his attorney, his attorney answered all his questions, and he was satisfied with counsel's assistance. Walker and the district court had an extensive discussion regarding Walker's understanding of the consequences of entering a guilty plea. Walker stated he understood the rights set out in the guilty plea advisory form, he understood he was giving up all the rights and no one had threatened him into entering a guilty plea. Walker said he was not under the influence of alcohol, drugs, or any other medication that may affect his ability to understand the guilty plea process or make his decision to plead guilty. Walker informed the district court that he understood the State's sentencing recommendation and that the recommendation was contingent upon the condition that he cooperate with the presentence investigation. Walker confirmed with the district court that there were no other terms or conditions of the plea agreement. Walker further acknowledged that he understood the district court was not bound by the plea agreement, could impose the entire seven-year sentence, and $15,000 fine without any chance of probation or parole and, if the district court accepted the guilty plea, it would be too late to change his plea to not guilty. Finally, Walker stated that he understood he was waiving his rights as indicated on the guilty plea advisory form and the State would not have to prove his guilt.

The district court confirmed with Walker's counsel that Walker understood when counsel explained the consequences of pleading guilty to Walker. The record establishes that Walker's plea was entered knowingly, intelligently, and voluntarily and, thus, was constitutionally valid.

We now turn to whether Walker established a "just reason" to withdraw his guilty plea. Walker argues he established a "just reason" to withdraw his guilty plea because he did not fully understand the consequences of his guilty plea and he believed that by pleading guilty, he would be released from jail. Although the district court did not explicitly address each of the non-exhaustive factors previously outlined, a review of the record shows the court did not abuse its discretion in denying Walker's motion. As discussed above, the record is clear that Walker understood the consequences of entering a guilty plea. Next, nothing in the record indicates that as a term of the plea agreement, Walker would be released from jail. During the guilty plea hearing, Walker explicitly indicated there were no additional terms or conditions of the plea agreement, such as like being released from jail. Thus, the district court correctly concluded Walker did not establish a "just reason" to withdraw his plea on this basis.

Walker also argues the district court abused its discretion because the State did not argue, nor was there a finding of prejudice against the State if the guilty plea were withdrawn. However, Walker entered a constitutionally valid guilty plea and has not presented a "just reason" to withdraw that plea prior to sentencing so the burden of proof did not shift to the State to establish prejudice. *See Sunseri*, 165 Idaho at 14, 437 P.3d at 14. Therefore, we need not address whether the State established prejudice if the guilty plea were withdrawn.

A review of the record shows the district court explicitly understood the applicable standards that apply to a motion to withdraw a guilty plea prior to sentencing, considered Walker's reasons for seeking withdrawal, assessed the circumstances surrounding the plea entry, and determined that Walker did not assert a "just reason" in support of his motion. The district court reached its decision through an exercise of reason. Therefore, the district court did not abuse its discretion by denying Walker's motion to withdraw his guilty plea.

## IV.

## CONCLUSION

The district court did not abuse its discretion when it denied Walker's motion to withdraw his guilty plea. Accordingly, Walker's judgment of conviction is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.

6