IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 51824

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | **Filed: March 18, 2026** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| CEDRIC SEBASTIAN MITCHELL, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. John K. Butler, Senior District Judge.

Order denying motion to withdraw guilty pleas, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Cedric Sebastian Mitchell appeals from the district court's order denying his motion to withdraw guilty pleas. Mitchell contends he demonstrated a just reason for withdrawal of his guilty pleas. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2019, Mitchell drove his vehicle into a busy intersection at seventy-seven miles per hour colliding into the back of a vehicle causing one occupant's death and severely injuring the other occupant. Due to the force of the collision, two other vehicles were struck injuring the occupants inside.

A grand jury indicted Mitchell on one count of first degree murder and five counts of aggravated battery. On April 28, 2023, after mediation and pursuant to Idaho Criminal Rule 11, Mitchell pled guilty to a reduced charge of second degree murder and one count of aggravated

battery, naming all injured victims. Mitchell and the State also agreed to a sentence of life in prison, although Mitchell would be able to argue for a lesser-fixed term with eligibility for parole. On June 20, 2023, Mitchell filed a motion to withdraw his guilty pleas. Mitchell's counsel, Mr. Andersen, asserted that Mitchell was "not happy with the plea agreement," "believe[d] he entered the agreement rashly," "believe[d] he did not fully understand what he was doing in entering the

Pleas," and "believe[d] he is not guilty of the charges to which he pled." In addition, Mitchell argued the withdrawal of his guilty pleas would not prejudice the State. The State objected, asserting that Mitchell knowingly and intelligently entered his guilty pleas with the assistance of his competent counsel. Andersen subsequently withdrew and Mitchell's substitute counsel filed a brief and an affidavit in support of the motion describing Mitchell's long history of mental illness.

At the hearing on the motion, Mitchell testified that he had been diagnosed with schizophrenia and bipolar disorder as well as dyslexia. Mitchell stated that Andersen had never discussed his mental illness with him or how it could have served as a possible defense in his case. Further, Mitchell testified that he expressed concerns to Andersen after he entered his guilty pleas and did not feel like he fully understood what he agreed to. Andersen testified to discussions with Mitchell's retained mental health expert and, in reviewing the psychiatric reports, he believed Mitchell's mental illness would not serve as a defense, including as to the intent elements. Andersen testified that he discussed the elements of murder with Mitchell in detail. Andersen also testified that Mitchell did not communicate that he wanted to withdraw his guilty pleas for several weeks after entry of the pleas.

The district court denied the motion in a written decision. The district court found Mitchell did not establish a just reason for withdrawal of his guilty pleas. In addition, the district court concluded the State would be prejudiced if it granted Mitchell's motion to withdraw his guilty pleas. Mitchell appeals.

## II.

## STANDARD OF REVIEW

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as

2

distinguished from arbitrary action. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Mitchell claims the district court erred in denying his motion to withdraw his guilty pleas because he demonstrated a just reason for the withdrawal. In addition, Mitchell argues the district court erred in determining the State would be substantially prejudiced if it granted Mitchell's motion to withdraw his guilty pleas. The State contends the district court correctly denied the motion because Mitchell understood the terms of his plea agreement, his pleas were entered knowingly, intelligently, and voluntary, and his attorney competently represented Mitchell during the plea negotiations and discussed the terms of the plea agreement to ensure Mitchell's understanding. The State also contends the district court correctly found the State would be prejudiced due to the extended timeline of the case and declining memories.

If a guilty plea is constitutional, a party may move to withdraw a guilty plea prior to sentencing. Idaho Criminal Rule 33(c); *State v. Hanslovan*, 147 Idaho 530, 535, 211 P.3d 775, 780 (Ct. App. 2008). "Presentence withdrawal of a guilty plea is not an automatic right; the defendant has the burden of showing a 'just reason' exists to withdraw" a constitutionally adequate guilty plea. *Hanslovan*, 147 Idaho at 535, 211 P.3d at 780.

The determination of whether an individual has demonstrated a just reason for the withdrawal of a guilty plea is based on a factual decision within the discretion of the district court. *State v. Sunseri*, 165 Idaho 9, 14, 437 P.3d 9, 14 (2018). The threshold "just reason" requirement is not an onerous burden. It is a reasonable requirement to be administered liberally and with due recognition of the serious consequences attending a guilty plea. *State v. Baxter*, 163 Idaho 231, 234, 409 P.3d 811, 814 (2018). The factors a trial court should consider when finding whether a defendant has just cause to withdraw a guilty plea include:

> (1) whether the defendant has credibly asserted his legal innocence; (2) the length of delay between the entry of the guilty plea and the filing of the motion; (3) whether the defendant had the assistance of competent counsel at the time

3

of the guilty plea; and (4) whether withdrawal of the plea will inconvenience the court and waste judicial resources.

*Sunseri*, 165 Idaho at 14, 437 P.3d at 14. It is also within the discretion of the trial court to consider the good faith, credibility, and weight of the defendant's assertions in support of his motion to withdraw his plea. *Hanslovan*, 147 Idaho at 537, 211 P.3d at 782.

The defendant's plea must be found constitutionally adequate before the just reason analysis is necessary. *Id.* at 535, 211 P.3d at 780. For a guilty plea to be constitutional, a defendant must enter it knowingly, intelligently, and voluntarily. *State v. Rodriguez*, 118 Idaho 957, 959, 801 P.2d 1308, 1310 (Ct. App. 1990). To determine whether a plea is entered voluntarily, knowingly, and intelligently a court must inquire:

> (1) whether the defendant's plea was voluntary in the sense that he understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his rights to a jury trial, to confront his accusers, and to refrain from incriminating himself; and (3) whether the defendant understood the consequences of pleading guilty.

*State v. Dopp*, 124 Idaho 481, 484, 861 P.2d 51, 54 (1993) (internal citations omitted).

Here, Mitchell acknowledges that he does not contest the district court's findings that his pleas were knowing, intelligent, and voluntary. However, a principal argument advanced by Mitchell in support of his claim of a just reason to withdraw his guilty pleas is his lack of understanding of the charges and pleas. The State contends that Mitchell cannot argue that he presented a just reason for withdrawal by claiming that he did not understand what he was doing when he entered his guilty pleas while simultaneously conceding that his pleas were constitutionally entered. The State points out that a constitutional plea necessarily requires that the defendant understood the nature of the charges, knowingly and intelligently waived his rights in his pleas, and understood the consequences of pleading guilty. *See Dopp*, 124 Idaho at 484, 861 P.2d at 54. While we agree with the State, we will briefly review the district court's findings regarding Mitchell's knowing, intelligent, and voluntary pleas.

In finding that Mitchell's guilty pleas were constitutionally valid, the district court examined the Rule 11 plea agreement and Mitchell's ability to understand it. In particular, the Rule 11 plea agreement contained the following two clauses which Mitchell signed and agreed to:

> 10. The defendant agrees that he has, at present, no reservations about the nature or quality of the representation of his attorney of record, and claims no incapacity to enter into this agreement based upon coercion, undue influence of any person, or any sort of diminished mental or emotional capacity.

4

11. The Defendant agrees that his decision to enter into this Plea Agreement and to tender pleas of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement.

In addition, Mitchell completed the guilty plea advisory form where he acknowledged entering the guilty pleas "freely and voluntarily" and that he did not have trouble answering the questions. At the change of plea hearing, the district court read the Rule 11 plea agreement to Mitchell and asked whether Mitchell understood. Mitchell said he understood the plea agreement and the nature of the charges against him and how they could affect his sentence. Mitchell noted he did not have any concerns about the terms. Lastly, when asked if Mitchell was under the influence of any "drugs, alcohol or other medication," including any prescription that would affect his "ability to make a reasoned and informed decision, Mitchell only mentioned he was taking high blood pressure pills, but assured the district court the medication did not affect his ability to "think or reason." Rather, Mitchell explained that he "just wanted to make sure" the court knew he was taking medication.

In addition, Mitchell testified his attorney "accomplished everything that [he] asked them to do" and he was satisfied with his legal representation. Based on the evidence, the district court found:

> When asked if [Mitchell] had an ample opportunity to meet with his attorneys to go over the allegations, witness statements, police reports, and defenses, prior to entering pleas of guilty, Mr. Mitchell answered in the affirmative. Mr. Mitchell also testified that his attorneys had answered any and all question[s] he had and there were no further actions he wanted his attorneys to take on his behalf before going forward and entering his guilty pleas.

The district court's finding that Mitchell's guilty pleas were knowing, intelligent, and voluntary is supported by the record. Mitchell's claim that he lacked understanding is belied by the record and is inconsistent with his acknowledgement that his pleas were knowing, intelligent, and voluntary.

The district court analyzed the four *Sunseri* factors and determined that Mitchell had not carried his burden to establish a just reason for withdrawal of his guilty pleas. As to the first *Sunseri* factor, Mitchell claims he is not guilty. Mitchell does not fully explain his claim of innocence, but it appears to be based on his belief that his long-standing mental health issues prevented him from forming the requisite intent for the second degree murder charge to which he ultimately pled guilty pursuant to a mediated plea agreement. The district court acknowledged that Mitchell claimed innocence. However, the district court noted that Mitchell did not deny his

5

actions, he just claimed a lack of recollection of the collision and did not remember anything until waking up in the hospital.

Following the collision, Mitchell regained consciousness and made statements to emergency responders indicating that he believed the end of the world was imminent and that he wanted God to take his life. The next day, staff at a hospital in Boise noted that Mitchell was highly agitated and had stated on multiple occasions that he was attempting to kill himself. Mitchell testified that he did not remember making the statements attributed to him after the crash, but that he has said things that make no sense during past mental health crises. Mitchell's claim of innocence is predicated on a lack of memory of the accident, which is not an actual claim of innocence. Indeed, Mitchell repeatedly acknowledges on appeal that "there is no mystery about what happened" because the collision was "caught on camera." Instead, according to Mitchell, the question is "why" he took the actions he did and whether it was the product of "malice aforethought" or the result of "an acute mental health crisis or psychotic break." But that is a question that Mitchell knowingly, intelligently, and voluntarily agreed would not be submitted to a jury in exchange for the benefits of his mediated plea agreement. Mitchell's subsequent decision that he was "not happy" with the agreement and "believe[d]" he entered into the agreement "rashly" does not support a claim of innocence under the first *Sunseri* factor. Accordingly, this factor does not support a just reason for withdrawal of the guilty pleas.

In regard to the second *Sunseri* factor, the timing of the motion, Mitchell claims the district court improperly gave too much weight to the length of delay. Mitchell also argues the district court erred in finding Mitchell and Andersen's knowledge of the presentence investigation report (PSI) writer's recommendation was relevant to the timing of the motion. If a defendant has received information relating to his probable sentence, the court may temper its liberality by weighing the defendant's motive. *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004). The district court emphasized the seven-week delay between the entry of Mitchell's guilty pleas and when he filed his motion to withdraw his pleas. Andersen testified that in a conversation after the entry of the guilty pleas, Mitchell expressed some concerns but did not ask him to file a motion to withdraw his guilty pleas. While the original motion was filed before release of the PSI, substitute counsel did not file a brief and affidavit in support of the motion to withdraw guilty pleas until the day before the hearing on the motion to withdraw Mitchell's guilty pleas.

The district court reviewed Mitchell's initially stated motive for withdrawal of his guilty pleas:

> [Mitchell] stated he wanted to withdraw his pleas because he was not happy with his plea agreement, he felt like he entered it rashly, and he did not fully understand what he was doing when entered the pleas. He asserted these to be the "just reasons" supporting his motion to withdraw guilty pleas.

However, the district court noted that in the subsequent brief in support of the motion, Mitchell's motive changed, finding that Mitchell "then raised new reasons for wanting to withdraw his pleas after meeting with [his new counsel], citing his mental health and potential ineffective assistance of counsel claims . . . as just reasons to allow him to withdraw his pleas."

Mitchell argues that whether he was aware of the PSI writer's recommendations is irrelevant because "his plea agreement required the court to impose a fixed life sentence," so his later knowledge that the PSI writer recommended that he be sentenced to incarceration made no difference. This statement is incorrect as the plea agreement required a life sentence, but it was not fixed life. Nonetheless, the district court's findings that the delay was substantial, and that Mitchell's motive changed are supported by the record and this *Sunseri* factor does not support a claim of just reason to withdraw his guilty pleas.

The third *Sunseri* factor asks whether the defendant had competent counsel at the time of the plea. Mitchell does not deny that his trial counsel was competent in his representation during the mediation and entry of plea process. However, Mitchell argues this does not mean that he understood and internalized the advice that his counsel gave him. We have addressed this argument above, which does not support a finding of just reason.

As to the fourth and final *Sunseri* factor, the district court noted some inconvenience but placed no weight on the issue. Based on the *Sunseri* factors, Mitchell failed to demonstrate a just reason for withdrawal of his guilty pleas.[1] The district court did not err in denying Mitchell's motion to withdraw his guilty pleas.

---

[1] Because Mitchell has not demonstrated a just reason to withdraw his guilty pleas, we need not reach the issue of prejudice to the State.

## IV.
## CONCLUSION

The district court did not err in denying Mitchell's motion to withdraw his guilty pleas. Therefore, the district court's order denying Mitchell's motion to withdraw his guilty pleas is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.