952 P.2d 910

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Paul D. WYATT, Defendant–Appellant.**

**No. 23360.**

Court of Appeals of Idaho.

Jan. 16, 1998.

Rehearing Denied March 5, 1998.

Review Denied March 30, 1998.

Edgar R. Frachiseur, Elmore County Public Defender, Mountain Home, for defendant-appellant.

Alan G. Lance, Attorney General, Myrna A.I. Stahman, Deputy Attorney General, Boise, for plaintiff-respondent.

SCHWARTZMAN, Judge.

## FACTS AND PROCEDURAL BACKGROUND

On May 12, 1995, an information was filed charging Paul Wyatt with burglary, I.C. § 18–1401, and being a persistent violator, I.C. § 19–2514. Wyatt entered a plea of not guilty and the district court set the trial date for August 15, 1995. Wyatt was released on his own recognizance pending trial. Subsequently, over the next year, the parties stipulated to four separate continuances. Jury trial was eventually rescheduled for June 4, 1996. On that date, pursuant to a plea agreement and immediately before trial, the prosecutor filed an amended information charging Wyatt with grand theft by possession of stolen property. No persistent violator allegation was filed as part of the plea bargain. Additionally, the prosecutor agreed not to refile two previously dismissed felony charges.[1] In exchange, Wyatt pled guilty to grand theft by possession of stolen property, I.C. §§ 18–2403(4), 18–2407(1)(b)(1). The court set a sentencing date for August 1, 1996.

On July 18, 1996, Wyatt obtained new defense counsel and filed a motion to withdraw his guilty plea. Wyatt alleged in this motion, unsupported by any affidavits, that his plea of guilty was induced by the prosecutor's implicit misrepresentation that a legitimate basis existed for refiling the previously dismissed charges and his attorney's representation that the state would seek to incarcerate him immediately on those charges if he did not plead guilty in the present case. After hearing argument,[2] the trial judge issued a memorandum opinion denying Wyatt's motion to withdraw his guilty plea and issued a subsequent opinion denying a motion to reconsider. The trial judge determined that Wyatt had been fully advised of his rights, had provided a factual basis for his plea, had failed to demonstrate a just or "colorable" reason for withdrawing his plea, and that the state had demonstrated a "measure of prejudice" should the plea be withdrawn. The court set sentencing for November 6, 1996; however, Wyatt failed to appear on that date and the court issued a bench warrant for his arrest.

Wyatt was subsequently apprehended, and on November 20, 1996, the court sentenced him to serve a unified ten-year sentence, with three years fixed, for grand theft by possession of stolen property. On appeal, Wyatt claims that the district court abused its discretion in denying his motion to withdraw his

---

1. On April 9, 1996, prior to preliminary hearing, the Elmore County prosecutor dismissed unrelated grand theft by possession of stolen property and felon in possession of a firearm charges against Wyatt in case No. CR–FE–00022, citing insufficient evidence.

2. No testimony or evidence was presented at this hearing which took place on August 1, 1996, the date originally scheduled for sentencing.

guilty plea because it was supported by just reason. For the reasons stated below, we affirm.

## I. MOTION TO WITHDRAW PLEA OF GUILTY

### A. Just Reason

Wyatt claims that because his plea was induced by both the prosecutor's implicit misrepresentation that a legitimate basis existed for refiling charges in case No. CR–FE–96–00022, coupled with his counsel's representation that if he did not enter a guilty plea the prosecution would seek his immediate incarceration upon refiling of the previously dismissed charges; and because there was no factual basis to support his plea, the trial court abused its discretion in denying his motion to withdraw the guilty plea.

■ The decision whether to grant a motion to withdraw a plea of guilty is addressed to the sound discretion of the district court and should be liberally exercised. *State v. Carrasco*, 117 Idaho 295, 298, 787 P.2d 281, 284 (1990). However, because a defendant has no automatic right to withdraw a guilty plea before sentencing, *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993), a district court's denial of a defendant's motion to withdraw a guilty plea is reviewed for an abuse of discretion. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).

■ A motion to withdraw a guilty plea is governed by Rule 33(c) of the Idaho Rules of Criminal Procedure. It provides that such a motion "may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea." Both this Court and the Idaho Supreme Court have interpreted I.C.R. 33(c) to require a defendant who seeks to withdraw his guilty plea before sentencing to demonstrate a "just reason" for the withdrawal. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993); *State v. Hawkins*, 117 Idaho 285, 289, 787 P.2d 271, 275 (1990); *State v. Rose*, 122 Idaho 555, 559, 835 P.2d 1366, 1370 (Ct.App.1992). If a de-

fendant establishes a just reason for withdrawing his plea, "the state may avoid the granting of the motion by demonstrating that prejudice would result from withdrawal of the plea." *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988) (citation omitted). Even in the absence of a showing of prejudice to the state, a district court may still deny the motion if a defendant fails to present and support a plausible reason for the withdrawal. *State v. McFarland*, 130 Idaho 358, 362, 941 P.2d 330, 334 (Ct.App. 1997). In either situation, the defendant has the burden of proving that the plea should be withdrawn. *Id.* Accordingly, we must review the record and determine whether the trial court abused its discretion in determining that Wyatt failed to demonstrate a just reason for withdrawing his guilty plea.

### 1. Consideration

At the time he entered his plea, Wyatt had been released on his own recognizance. Wyatt claims that because case No. CR–FE–96–00022 was dismissed on the basis of insufficient evidence two months prior to the entry of his guilty plea for the instant offense and there was no reason to believe that the charges would be refiled, the plea agreement was not supported by substantial consideration.

■ We disagree. Charges against Wyatt in case No. CR–FE–96–00022 were dismissed without prejudice, permitting the prosecutor to refile them at any time. The prosecutor informed the court that these charges were dismissed because Wyatt attributed ownership of the firearm found in his possession to a third party. Although Wyatt provided officers with the alleged gun owner's name, the owner could not be located. Pending location and identification of the alleged gun owner, charges against Wyatt had been dismissed without prejudice on the basis of insufficient evidence. The prosecutor informed the court that if Wyatt's explanation were later disproved, the charges would be refiled.

In *Stone v. State*, 108 Idaho 822, 825, 702 P.2d 860, 863 (Ct.App.1985), this Court recognized that a prosecutor may use the threat of filing additional, legitimate charges as a

bargaining chip in plea bargaining. Such was the case here. In addition, it should be noted that Wyatt received the distinct benefit of having the sentence enhancement persistent violator allegation dropped as part of the plea agreement. Thus, we conclude that Wyatt has failed to show that his plea of guilty was not supported by legitimate and substantial consideration.

### 2. Threats

■ Next, Wyatt claims that the prosecution threatened him with immediate incarceration, supposedly through the refiling of the previously dismissed charges, if he did not plead guilty to the instant offense. This information was allegedly relayed to him through his private counsel. Wyatt presents no evidence to substantiate this allegation and show its materiality to the voluntariness of his plea. Moreover, this claim is belied by his sworn testimony at the plea hearing where the following exchange took place between the trial judge and Wyatt:

Q: Has anyone intimidated or threatened you or anyone close to you to get you to plead guilty to this crime?

A: No, sir.

Q: Has anyone offered any rewards for your plea of guilty other than the plea agreement that's already been discussed?

A: No, sir.

We conclude that the trial court did not abuse its discretion in denying Wyatt's motion to withdraw his guilty plea on the basis that his unsworn claim was contradicted by his own testimony at the time of his change of plea and no other proof was presented.

### 3. Factual Basis for Plea

■ Wyatt claims that because no factual basis was established on the record for his guilty plea and he had a meritorious defense to the charged offense, he had just reason to withdraw his plea and the district court abused its discretion in prohibiting him from doing so. The law in this area is well-settled. The trial court need not elicit a factual basis before accepting a guilty plea. *See State v. Peterson,* 126 Idaho 522, 524, 887 P.2d 67, 69 (Ct.App.1994). The entry of a valid guilty

plea "is a judicial admission of all facts charged by the indictment or information." *State v. Coffin,* 104 Idaho 543, 546, 661 P.2d 328, 331 (1983). A valid guilty plea is conclusive of guilt and eliminates the prosecution's burden of going forward with the evidence. *Id.*

Before accepting Wyatt's plea, the trial court reviewed the facts surrounding the crime with which Wyatt was charged. The court informed Wyatt that by entering a guilty plea, he would be admitting that he committed the charged offense, and that if he wished to deny any material element of the crime, he could enter a plea of not guilty and the case would be set for trial. After Wyatt agreed with the trial court's recitation of the facts, the judge asked Wyatt why he believed he was guilty of the charged offense. Wyatt stated: "I knowingly possessed stolen property." When the trial court asked Wyatt if he disagreed with any of the facts relating to the offense as set forth in the information, Wyatt stated that he did not.

■ It is clear from the transcript that the trial court elicited a factual basis for Wyatt's plea, though not required to do so, and that the court meticulously advised him of all applicable rights he would be waiving. The trial court did not abuse its discretion in refusing to permit Wyatt to withdraw his guilty plea on this basis.

### B. Prejudice to the State

The district court also found that there would be a "measure of prejudice" to the state if Wyatt were permitted to withdraw his guilty plea as the state had released some of the recovered stolen property to third-party victims in reliance upon Wyatt's plea. The court was quick to point out, however, that its decision was not intended to encourage the practice of releasing evidence to victims prior to sentencing. We agree. There is a strong policy in favor of trying criminal cases on their merits. This policy should not be thwarted by the unilateral acts of one party.

■ We note, however, that Wyatt's case had been in the district court for over a year when he pled guilty on the scheduled date of

trial. Six weeks later (and two weeks prior to sentencing) he attempted to withdraw his plea. Given this perspective, the timing of Wyatt's motion in relation to the overall procedural history of the case is also a proper factor to consider and weigh in deciding whether to grant or deny a motion to withdraw a guilty plea. *See and compare State v. Howell,* 104 Idaho 393, 397, 659 P.2d 147, 151 (Ct.App.1983).

## CONCLUSION

After a thorough review of the record, we conclude that the district court did not abuse its discretion in denying Wyatt's motion to withdraw his plea of guilty. The plea was supported by legitimate consideration; Wyatt's unsworn claim of coercion was contradicted by his own sworn testimony; a factual basis for Wyatt's plea was established; and Wyatt was meticulously advised of and waived all applicable constitutional rights. In addition, the state has shown a modicum of prejudice, not only in returning some of the recovered stolen property, but in the amount of time that had elapsed up to this point.

The order denying Wyatt's motion is affirmed.

LANSING, C.J., and PERRY, J., concur.