**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48797**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 24, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DALE L. HEMERICK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Gregory FitzMaurice, District Judge.

Judgment of conviction for aggravated assault, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kolby R. Reddish, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Dale L. Hemerick appeals from his judgment of conviction for aggravated assault. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Hemerick with two counts of aggravated assault for pointing a firearm at a neighbor on two occasions. Pursuant to a plea agreement, Hemerick entered an *Alford*[1] plea to one count of aggravated assault. I.C. § 18-905. In exchange for his plea, the State agreed to recommend a suspended sentence and dismiss the remaining count.

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

An evaluator completed Hemerick's presentence investigation report (PSI) and recommended a period of retained jurisdiction. After receiving the PSI, Hemerick retained new counsel and filed a motion to withdraw his plea. In a supporting affidavit, Hemerick averred that he "never believed he was guilty of either of the felony charges" and that part of the reason he entered the *Alford* plea was because he "was desperately eager to get out of . . . jail." The district court denied Hemerick's motion, finding that his plea was entered voluntarily, knowingly, and intelligently and that he failed to show a just reason for withdrawing his guilty plea. Hemerick appeals.

## II.

## STANDARD OF REVIEW

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Hemerick asserts the district court erred in denying his motion to withdraw his *Alford* plea because, according to Hemerick, the district court failed to exercise reason in determining that he failed to show a just reason to withdraw his plea. Hemerick further contends that the State failed to show it would be substantially prejudiced by a withdrawal. The State responds that the district court properly exercised reason in denying Hemerick's motion.[2] We affirm and hold that

---

[2]    The State also argues that the district court correctly found that Hemerick entered his plea voluntarily, knowingly, and intelligently and that, in denying Hemerick's motion, the district court recognized its discretion, acted within the boundaries of its discretion, and acted consistently with applicable legal standards. The State further argues that substantial and competent evidence supports various factual findings made by the district court. We do not address these arguments because Hemerick does not challenge those aspects of the district court's decision.

Hemerick has failed to show the district court abused its discretion in concluding that he failed to provide a just reason to withdraw his guilty plea.

A defendant moving to withdraw a guilty plea prior to sentencing bears the burden of establishing a just reason to permit withdrawal of the plea. *State v. Sunseri*, 165 Idaho 9, 13, 437 P.3d 9, 13 (2018). If the defendant demonstrates a just reason, the motion may still be denied if the State shows prejudice would result if the plea were withdrawn. *Id.* Factors the trial court should consider in determining whether there is a just reason for withdrawal of a guilty plea include: (1) whether the defendant has credibly asserted his or her legal innocence; (2) the length of delay between the entry of the guilty plea and the filing of the motion; (3) whether the defendant had the assistance of competent counsel at the time of the guilty plea; and (4) whether withdrawal of the plea will inconvenience the court and waste judicial resources. *Id.* at 14, 437 P.3d at 14. When an assertion of innocence is made in order to withdraw a plea, the court must consider the reason why the defense was not asserted at the time of pleading. *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008). Further, the good faith, credibility, and weight of the defendant's assertions in support of a motion to withdraw a guilty plea are matters for the trial court to decide. *Id.* If a defendant files a motion to withdraw a guilty plea prior to sentencing but after learning of the contents of the PSI or other information about the probable sentence, the trial court may temper its liberality by weighing the defendant's apparent motive. *State v. Hartsock*, 160 Idaho 639, 641, 377 P.3d 1102, 1104 (Ct. App. 2016).

In support of his argument that the district court failed to exercise reason, Hemerick "asserts that he provided a just reason to withdraw his plea." On appeal, however, our role is not to decide, in the first instance, whether Hemerick established a just reason. *See State v. Armstrong*, 158 Idaho 364, 368, 347 P.3d 1025, 1029 (Ct. App. 2015). Instead, we consider whether the district court abused its discretion in concluding that Hemerick failed to show a just reason. *See Sunseri*, 165 Idaho at 14, 437 P.3d at 14. Given the narrow scope of Hemerick's challenge on appeal, our sole task is to determine whether the district court exercised reason in concluding that he failed to show a just reason to withdraw his plea.

At the hearing on Hemerick's motion, the district court made the following relevant factual findings: (1) at the change of plea hearing, Hemerick's counsel admitted that there was a factual basis for Hemerick's guilt on the charge of aggravated assault; (2) Hemerick entered into the plea

agreement on December 14, 2020, and filed his motion to withdraw his guilty plea on March 3, 2021; (3) Hemerick "had competent counsel"; (4) Hemerick's "assertion that his determination and anxiety to get out of jail impacted the voluntary nature of his plea . . . is not credible"; and (5) Hemerick's "motive . . . to withdraw his plea is based upon the poor recommendation set forth in the PSI." On appeal, Hemerick does not challenge any of these factual findings and, consequently, we will not presume error in these findings. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (noting that a party waives an issue on appeal if either authority or argument is lacking).

For the first factor, the district court observed that "mere denial of factual guilt is not a basis for allowing withdrawal of [a] plea, if some basis of the factual record provides that finding of factual guilt." The district court concluded that the admission by Hemerick's counsel provided a factual basis for Hemerick's guilt. The district court correctly stated the law. *See State v. Dopp*, 124 Idaho 481, 486, 861 P.2d 51, 56 (1993) (holding that a denial of factual guilt is not a just reason for the later withdrawal of the plea if there is "some basis in the record of factual guilt"); *Hanslovan*, 147 Idaho at 537, 211 P.3d at 782 (noting that a mere assertion of innocence, by itself, is not grounds to withdraw a guilty plea). It was reasonable for the district court to conclude that the representations of Hemerick's counsel provided a sufficient basis for Hemerick's guilt. We also note that, when Hemerick was asked by the district court if he believed that there was a "substantial likelihood that [he] would be found guilty" and that "the State has the ability based upon the evidence to prove [him] guilty," he responded, "Yes, sir."

On appeal, Hemerick asserts that his case differs from *Hanslovan* and *State v. Wyatt*, 131 Idaho 95, 952 P.2d 910 (Ct. App. 1998). Specifically, Hemerick argues that, "unlike in *Hanslovan* and *Wyatt*, [Hemerick] provided a sworn affidavit in support of his motion to withdraw his *Alford* plea while the statements he made at the entry of plea hearing were unsworn." Hemerick is correct that his statements at the change of plea hearing, including his plea, were unsworn. However, the holdings in *Hanslovan* and *Wyatt* did not depend on the sworn or unsworn nature of the defendant's statements. As we noted in *Wyatt*, a "trial court need not elicit a factual basis before accepting a guilty plea" because a "valid guilty plea is conclusive of guilt." *Wyatt*, 131 Idaho at 98, 952 P.2d at 913. Here, the district court concluded that Hemerick's plea was constitutionally valid, a conclusion he does not challenge on appeal. Because Hemerick's plea was valid, his plea provided

4

an additional ground for the district court's conclusion that there was a substantial basis for his guilt.

The remaining factors relevant to a motion to withdraw a guilty plea also support the district court's decision. First, the district court concluded that Hemerick's "motion to withdraw [his plea] was belatedly filed." This conclusion is reasonable based on the approximately two-and-a-half month period between Hemerick's guilty plea and his motion to withdraw his plea. Second, regarding the assistance of competent counsel, Hemerick admits on appeal that this "factor is not in his favor." Finally, in light of the finding that Hemerick's assertion regarding his desperation to get out of jail was not credible and that his motive in seeking to withdraw his guilty plea was based on the recommendation contained in the PSI, it was reasonable for the district court to conclude that "allowing [Hemerick] to withdraw [his guilty plea] would inconvenience the [district] court, impact judicial economy, and waste judicial resources."

The district court exercised reason in concluding that Hemerick failed to show a just reason to withdraw his guilty plea. Accordingly, we need not consider Hemerick's argument that the State failed to show it would suffer substantial prejudice if the motion had been granted. Hemerick has failed to show that the district court erred in denying his motion to withdraw his plea.

## IV.

## CONCLUSION

Hemerick has failed to show that the district court erred in denying his motion to withdraw his guilty plea. Hemerick's judgment of conviction for aggravated assault is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.