# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49498

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 19, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| SCOTT ALLEN LIVINGSTON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

Scott Allen Livingston appeals from his judgment of conviction following his plea of guilty to possession of a controlled substance. Livingston argues that the district court abused its discretion when it denied his motion to withdraw his guilty plea. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A vehicle driven by Livingston was stopped by a police officer after the officer observed the vehicle drive onto a public street without stopping before the sidewalk. During the stop, according to police reports, a drug detection dog alerted on the vehicle. A subsequent search of the vehicle revealed methamphetamine, heroin, marijuana, and drug paraphernalia. Livingston

was charged with possession of heroin and being a persistent violator. On July 15, 2021, Livingston, who was represented by an attorney, entered a plea of guilty to an amended charge of possession of methamphetamine pursuant to a plea agreement with the other charges, including the persistent violator enhancement, to be dismissed. Pursuant to a negotiated plea agreement the State agreed to recommend a sentence not to exceed retained jurisdiction. The agreement also provided that Livingston would waive his right to request withdrawal of his guilty plea under I.C.R. 33[1] and that, if he failed to appear in court, the State would no longer be bound by the agreement. After the guilty plea, a presentence investigation report (PSI) was ordered by the district court and filed on October 1, 2021. Despite Livingston's criminal history, including several felonies, the PSI investigator recommended retained jurisdiction. On November 2, 2021, Livingston failed to appear for sentencing and a bench warrant was issued. His attorney (an attorney different from the one who represented him at the entry of his guilty plea) filed a motion to quash the warrant and reinstate bond, but Livingston again failed to appear for his rescheduled sentencing hearing on November 23, 2021, so the bench warrant remained in effect. A few days later, Livingston was arrested on the bench warrant and was arraigned the following day. On December 6, 2021, Livingston, through his new attorney, filed a motion to withdraw his guilty plea. Livingston asserted that there was just reason to withdraw his plea because he wanted to challenge the basis of the stop and the drug dog search but was told that his only option was to plead guilty. He contended that he did not commit a traffic infraction (the reason for the stop), that the stop was unlawfully prolonged, and that the drug dog did not alert on his vehicle. After a hearing, the district court denied his motion. Livingston appeals the denial of his motion to withdraw his guilty plea, arguing only that the drug dog did not alert on his vehicle rendering the subsequent search unconstitutional.

## II.

## ANALYSIS

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714

---

[1] Neither party has raised this issue on appeal. Livingston was also informed of and acknowledged this waiver during the plea colloquy.

P.2d 86, 90 (Ct. App. 1986). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to ensure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).

However, a less rigorous standard applies to a motion made before sentencing. *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988); *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000). Nevertheless, withdrawal of a guilty plea before sentence is imposed is not an automatic right. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993); *Ward*, 135 Idaho at 72, 14 P.3d at 392. A defendant seeking to withdraw a guilty plea before sentencing must show a just reason for withdrawing the plea. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. The just reason standard does not require that the defendant establish a constitutional defect in his or her guilty plea. *State v. Henderson*, 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct. App. (1987). Once the defendant has met this burden, the State may avoid a withdrawal of the plea by demonstrating the existence of prejudice to the State. *Dopp*, 124 Idaho 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14

3

P.3d at 392. The good faith, credibility, and weight of the defendant's assertions in support of a motion to a withdraw plea are matters for the trial court to decide. *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008); *see also State v. Acevedo*, 131 Idaho 513, 516, 960 P.2d 196, 199 (Ct. App. 1998). The district court is encouraged to liberally grant its discretion in granting a motion to withdraw guilty plea. *State v. Wyatt*, 131 Idaho 95, 97, 952 P.2d 910, 912 (Ct. App. 1998): *Henderson*, 113 Idaho at 414, 744 P.2d at 798. However, even when the motion is presented before sentencing, if it occurs after the defendant has learned of the content of the PSI or has received other information about the probable sentence, the district court may temper its liberality by weighing the defendant's apparent motive. *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008); *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004).

Because Livingston's motion was filed prior to sentencing, he must show a just reason to withdraw his guilty plea. The Idaho Supreme Court has explained application of the just reason standard as follows:

> The determination whether a defendant has shown a just reason for withdrawal of the plea is a factual decision committed to the discretion of the trial court. Given the fact-intensive nature of the inquiry, this Court has not previously attempted to define what constitutes a "just reason" for withdrawal of a guilty plea. Among other factors, the trial court should consider: (1) whether the defendant has credibly asserted his legal innocence; (2) the length of delay between the entry of the guilty plea and the filing of the motion; (3) whether the defendant had the assistance of competent counsel at the time of the guilty plea; and (4) whether the withdrawal of the plea will inconvenience the court and waste judicial resources.

*State v. Sunseri*, 165 Idaho 9, 14, 437 P.3d 9, 14 (2018).

The first *Sunseri* factor involves a credible assertion of innocence. Livingston asserts that he is innocent and argues that, in order for a drug dog to give a valid alert, it must sit and that the dog in this case did not sit. He asserts that he has a potentially successful argument that the evidence seized from the vehicle should be suppressed because there was no positive alert for drugs by the dog. Livingston testified at the hearing on his motion to withdraw his guilty plea that he told his first attorney that the drug dog "didn't seem to have hit on [Livingston's] car at all" and that he had "asked one of the officers about it" and the officer "said [the dog] hit in a way that [Livingston] would not notice." Other evidence presented at the hearing on Livingston's motion included bodycam and dashcam videos. From those videos, the district court, ruling from the bench, found that the dog did not sit. The district court went on to state that "what we don't have

today--and, again, it's not a motion to suppress--we don't have the full evidence. But we don't have evidence of what the dog's final alert is, and so that's--that's problematic." The district court went on to state, "I can see where [defense counsel] would say 'I think I can make a case out of this.' Particularly after the *Howard* case."[2] "But, nevertheless, it's pretty incomplete at this point in time. But there's potential,[3] I suppose, for a claim there with respect to the drug dog. There may be other things that would come into play."[4] Livingston presented no evidence that the drug

---

[2]    The district court was referring to *State v. Howard*, 169 Idaho 379, 496 P.3d 865 (2021), which was issued October 5, 2021, approximately three months after Livingston entered his guilty plea. *Howard* involved a canine search of a car. The Idaho Supreme Court reversed a conviction where evidence established that a drug dog was trained to sit or lie down when drugs were detected but that the dog sometimes "froze" or looked back at his trainer for a reward before properly indicating as he had been trained to do. The dog's handler testified that, during the walk around of the car, the dog was showing indications that the scent of a controlled substance was present in the car and that the dog stopped and looked back at the handler for a reward and then put its nose into the car through an open window *before* indicating (by sitting) as it was trained to do. The Court held that the intrusion of the dog's nose into the car without probable cause violated the Fourth Amendment. As for the dog's behavior before properly indicating, the Court reasoned that it could not know from the evidence admitted whether the dog's freezing and looking back at his handler was a reliable indication that narcotics were present, and the Court could not determine whether the handler's subjective belief that the dog had detected narcotics was objectively reasonable. The Court was careful to note that trial courts are not equipped to independently interpret a dog's behavior without objective evidence and that, without objective evidence bearing on the reliability of a dog's behavior, a court is left with little more than intuition about the significance of that behavior and intuition is not evidence.

[3]    Although the district court found Livingston's claim had "potential," the standard requires the argument to be "plausible." Livingston makes no argument that a "potentially successful" argument on a motion to suppress is the equivalent of a "plausible" argument on a motion to suppress. The viability of Livingston's argument rests on his attorney's claim that a valid alert by a drug dog requires the drug dog sit as the alert. Livingston presents no evidence to support this assertion and, as such, fails to establish it is either a plausible or potentially successful argument.

[4]    The district court then went on to offer an apparent alternative rationale for its ruling. The court noted that Livingston had admitted there might or might not be a "bong" in the vehicle in response to police questioning after the search of his vehicle commenced which would have given the officers probable cause to search. The district court stated that, "even if there hadn't been a valid dog alert, once someone says that there's illegal paraphernalia in the car that would raise probable cause for a search." Since it is alleged that Livingston's admission occurred after the search began, he argues that probable cause must be based upon facts known at the time of the search and that admissions flowing directly from an illegal search cannot be used in determining

dog used in this case alerted by sitting. Livingston's counsel argued that, in his experience, drug dogs are trained to sit down when drugs are detected but argument of counsel is not evidence. Absent such evidence Livingston has not shown that he has a just reason to withdraw his plea.

The second *Sunseri* factor is consideration of the delay between the entry of the plea and the motion to withdraw the plea. There was a delay of nearly five months between Livingston's guilty plea and his motion to withdraw his plea. The delay was caused by Livingston's repeated failures to appear. His counsel told the district court that Livingston was "willing to admit that all of the delays in this case so far are on him and not the state." Significantly, because of Livingston's failures to appear, the State was no longer obligated to follow the agreed upon sentencing recommendation of "not to exceed retained jurisdiction." So, Livingston, because of his own acts, was faced with the possibility of a harsher sentencing recommendation. Livingston's motion came after he had received the PSI report recommending retained jurisdiction. As the district court stated, what Livingston showed the Court was "that he really has changed his mind. That he doesn't want any longer to stand on that guilty plea. That he wants to give it a shot. But that's not--not the reason, not a good reason, not a just reason for withdrawing a guilty plea."

The third *Sunseri* factor requires a determination of whether the defendant had competent counsel when the guilty plea was entered. Livingston's second attorney admitted that the first attorney was competent. The district court found Livingston's first attorney was a "competent attorney and everyone agrees. I think it is a matter of different advice." The district court further found that, "based on what I have in front of me, what I've been able to view, I don't believe that [first attorney] gave bad advice. Frankly I'm not saying that I think [second attorney] would be giving bad advice either, but it is different advice."

The fourth *Sunseri* factor involves a determination of whether the withdrawal of the plea will inconvenience the trial court and waste judicial resources. The district court did not make any specific findings in this regard, but the *Sunseri* factors are neither mandatory nor exclusive. The district court did consider other factors. For example, the district court, prior to ruling on the

---

whether probable cause existed. While this is an accurate statement of the law, it is unavailing for Livingston because the district court ruled that he failed to show that the dog did not alert. At most, the alternative ruling is superfluous.

motion, listened to an audio recording of the extensive and thorough plea colloquy "to confirm what was in the court minutes, to confirm any tone of voice, any hesitancy, any questions, anything that arose." The district court noted, "I am asking Mr. Livingston the questions: Have you had enough time with your attorney? Are you satisfied with the nature and quality of legal services you've been provided?" Livingston answered yes to these questions. The district court stated that, if Livingston had "a concern about the validity of the stop, that would have been the time to raise that concern." The district court also noted that there was no evidence that Livingston had asked his attorney to do anything the attorney had not done.

The district court considered the *Sunseri* factors, as well as other evidence relevant to its decision. The district court correctly perceived its decision as one of discretion, acted within the boundaries of such discretion, acted consistently with the legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. Livingston has failed to show that the district court erred in denying his motion to withdraw his guilty plea.

## IV.

## CONCLUSION

The district court did not err in denying Livingston's motion to withdraw his guilty plea. Therefore, Livingston's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge LORELLO and Judge HUSKEY, **CONCUR**.