**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51039 & 51040**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 23, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| LARANDA ANN MEYER, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Lemhi County. Hon. Stevan H. Thompson, District Judge.

Judgment of conviction and concurrent unified sentences of seven years, with minimum periods of confinement of three years, for two counts of criminal conspiracy, vacated and case remanded; judgment of conviction and unified sentence of seven years, with a minimum period of confinement of three years, for possession of a controlled substance, affirmed; judgment of conviction and unified sentence of seven years, with a minimum period of confinement of three years, for introduction of major contraband into a correctional facility, affirmed but sentence modified.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

In these consolidated appeals, Laranda Ann Meyer appeals from her judgments of conviction and concurrent unified sentences of seven years, with minimum periods of confinement of three years, for two counts of criminal conspiracy and concurrent unified sentences of seven years, with minimum periods of confinement of three years, for possession of a controlled substance and introduction of major contraband into a correctional facility. For the reasons set forth below, we vacate Meyer's judgment of conviction and sentences for two counts of conspiracy

and remand the case. Additionally, we affirm Meyer's judgment of conviction and sentence for possession of a controlled substance. Finally, we affirm the judgment of conviction for introduction of major contraband into a correctional facility but modify Meyer's sentence.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves two cases: Docket No. 51039 and Docket No. 51040. In Docket No. 51039, officers executed a search warrant at a residence and encountered an individual in possession of a large quantity of fentanyl pills. The individual told the officers that she purchased the pills and an ounce of methamphetamine from Meyer. Officers later located Meyer hiding in a bedroom. Meyer had approximately "1,480 fentanyl pills, 4.6 grams of methamphetamine, 12.5 grams of fentanyl powder, scales, numerous plastic ziplock bags, a large roll of tin foil, small strips of tin foil with burnt residue, and numerous smoking devices" in her possession. Meyer was subsequently arrested and charged with conspiracy to traffic in methamphetamine, conspiracy to possess fentanyl, and frequenting a place where controlled substances are known to be located.

Docket No. 51040 commenced two weeks after Meyer's incarceration when an inmate reported that Meyer had drugs in her possession and that she and the inmate had been using them while in jail. When jail deputies confronted Meyer, she indicated that she flushed the drugs down the toilet in her jail cell. Meyer also admitted that she previously hid the drugs inside her vagina. While a subsequent X-ray did not detect any foreign objects in Meyer's pelvic area, a "snorting straw (tampon applicator) with powder residue" was found in Meyer's underwear during a strip search. A canine search of Meyer's jail cell revealed additional "tampon applicators" also containing powder residue. Pursuant to a warrant, a sample of Meyer's urine was obtained and tested presumptive positive for fentanyl and buprenorphine. Meyer was charged with introduction of major contraband into a correctional facility and delivery of fentanyl.

Pursuant to a plea agreement resolving both cases, Meyer pled guilty to two counts of criminal conspiracy (I.C. § 18-1701), possession of a controlled substance (I.C. § 37-2732(c)(1)), and introduction of major contraband into a correctional facility (I.C. § 18-2510(3)). In exchange for Meyer's guilty pleas, the State agreed to dismiss the remaining charges.

Prior to sentencing and before Meyer reviewed her presentence investigation report (PSI), she moved to withdraw her guilty pleas. The district court considered Meyer's motion at the

beginning of the sentencing hearing. After hearing Meyer's grounds for her request to withdraw her guilty pleas, the district court denied the motion. Thereafter, the district court sentenced Meyer to concurrent unified sentences of seven years, with minimum periods of confinement of three years, for each conviction. Meyer appealed her judgments of conviction, which were consolidated.

## II.

## ANALYSIS

Meyer argues the district court abused its discretion when it denied her motion to withdraw her guilty pleas to both counts of criminal conspiracy.[1] Meyer also contends her sentences are excessive under any view of the facts and that the district court erred in imposing a sentence exceeding the statutory maximum penalty for introduction of major contraband into a correctional facility. The State responds that the record and applicable law support the district court's denial of Meyer's motion to withdraw her guilty pleas. The State further asserts the district court did not abuse its sentencing discretion but concedes Meyer's sentence for introduction of major contraband into a correctional facility exceeds the statutory maximum. We hold that the district court erred in denying Meyer's motion to withdraw her guilty pleas in Docket No. 51039. Therefore, we do not address Meyer's sentencing claims in Docket No. 51039. We also agree with the State that the district court did not abuse its sentencing discretion as to the sentence for possession of a controlled substance in Docket No. 51040. However, we further hold the district court erred in sentencing Meyer beyond the statutory maximum for introduction of major contraband into a correctional facility.

### A.     Docket Number 51039--Withdrawal of Guilty Pleas

Whether to grant a motion to withdraw a guilty plea filed prior to sentencing lies in the discretion of the district court. *State v. Lee*, 165 Idaho 254, 259, 443 P.2d 268, 273 (Ct. App.

---

[1]     Meyer explained why she wanted to withdraw her guilty pleas but did not identify case numbers or otherwise specify which pleas she sought to withdraw. As a result, it is unclear from the record whether Meyer's motion applied to all of her guilty pleas or only those related to the two criminal conspiracy charges (Docket No. 51039). On appeal, Meyer "does not assert error in the handling of the withdrawal of guilty plea in" Docket No. 51040 because that "issue was not raised to the district court." As a result, Meyer's guilty pleas in Docket No. 51040 are not at issue on appeal. Because Meyer only challenges the district court's denial of her motion to withdraw her guilty pleas to the criminal conspiracy charges, we limit our review of the district court's decision to those guilty pleas.

3

2019).   When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court:  (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason.  *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Prior to the sentencing hearing, Meyer filed a motion to withdraw her guilty pleas to the two criminal conspiracy charges.  The motion, filed by trial counsel, did not set forth any grounds for withdrawing Meyer's guilty pleas and the State did not file a response.  At the sentencing hearing, Meyer's trial counsel indicated that Meyer wanted "to address the [district court] about withdrawing her guilty plea."  After stating that it would "probably not look very favorably upon withdrawing [her] plea of guilty," the district court invited Meyer "to state for the record any particular reasons for why" she wanted to withdraw her pleas.  Meyer explained her reasons as follows:[2]

> I feel like I didn't get a chance to review all the evidence.  And new things had come to light in the situation.  And so I felt like, honestly, that that was a really harsh sentence for my history and everything else.
> And, not only that, but just reviewing everything and going over it, I felt really pressured into that decision.
> Because, that same day that I was supposed to do my--I--I notified my attorney right when I first started meeting with him that I wanted a preliminary hearing no matter what.
> And he said that--that he would make sure that I got that; that he feels like everybody has--should get one.  And the prosecuting attorney agreed with that too.
> And then the day of my preliminary hearing was--I was supposed to take that deal.  And, if I didn't take that deal, he said I would do ten years.
> And I was like, ten years.  I'm, like, that's extreme.
> And he said, Well, they're going to separate these cases.  If you're found guilty of this, you'll do three.  And, on this one, you'll do the maximum of seven if you're found guilty.  So you'll do ten years.
> And it scared me.  And so I said, I want to talk to my mom immediately.  Like, I have children. . . .
> . . . .
> I--I--there's a lot of things that have come to this case.

---

[2]      It is unclear why trial counsel did not present argument in support of Meyer's motion.  Instead, trial counsel stated:  "We did just get the PSI on Friday. . . . Before that had happened, she informed me that she wanted to withdraw her guilty plea . . .  And she has reasons for that.  So I think probably we--she would like to address the Court about withdrawing her guilty plea."

Also the witness in the situation is no longer a credible witness, I found out. Some of the cops lied about the evidence.

At that point in Meyer's recitation of her reasons, the district court stated, "All right. I've -- I've -- I've heard enough." The district court rejected Meyer's arguments, concluding her "issues" had been "covered" by the judge who accepted Meyer's guilty pleas.[3] The district court noted Meyer was under oath when she pled guilty and determined that she "had [a] full opportunity to address all those concerns" when she entered her guilty pleas. The district court acknowledged that Meyer "faced a difficult decision" but indicated that is "what happens when you get involved with large quantities of drugs." Additionally, the district court noted that the State "made certain concessions" as part of the plea agreement and agreed to not file "more serious charges on the trafficking charge." The district court also found that the ten-year sentence Meyer discussed was a "potential in [her] case" and that her trial counsel "was simply advising [Meyer about] the realities of those situations." Ultimately, the district court concluded that Meyer was "just having a change of heart" and wanted to withdraw her guilty pleas because she no longer felt the plea agreement was "fair." As a result, the district court denied Meyer's motion and imposed her sentences.

On appeal, Meyer argues the district court erred in denying her motion to withdraw her guilty pleas to the criminal conspiracy charges because the district court "failed to act consistently with the legal standards applicable to the specific choices available to it and failed to reach its decision by and exercise of reason." Specifically, Meyer challenges the district court's failure to "identify the 'just reason' standard or address" the *State v. Sunseri*, 165 Idaho 9, 13, 437 P.3d 9, 13 (2018) factors. The State responds that "the record supports the district court's factual findings" and contradicts Meyer's arguments. We hold that the district court abused its discretion in denying Meyer's motion to withdraw her guilty pleas.

A trial court is encouraged to liberally exercise its discretion in granting a motion to withdraw a guilty plea. *State v. Wyatt*, 131 Idaho 95, 97, 952 P.2d 910, 912 (Ct. App. 1998). A

---

[3] The record shows that Meyer's guilty pleas were entered in front of Judge Tingey approximately two months before Meyer argued her motion to withdraw her guilty pleas in front of the district judge who considered Meyer's motion to withdraw her guilty pleas and imposed sentence.

defendant moving to withdraw a guilty plea prior to sentencing bears the burden of establishing a just reason to permit withdrawal of the plea. *Sunseri*, 165 Idaho at 13, 437 P.3d at 13. The first step in analyzing a motion to withdraw a guilty plea is to determine whether the plea was knowingly, intelligently, and voluntarily made. *Id*. at 14, 437 P.3d at 14. If a guilty plea is not knowing, intelligent, and voluntary, the defendant should be permitted to withdraw the plea. If the plea is constitutionally valid, the trial court must then determine whether there are any other just reasons for withdrawal of the plea. *Id*. A just reason does not require a constitutionally defective plea. Stated differently, a constitutionally valid plea is still subject to withdrawal prior to sentencing if the defendant provides a just reason. The determination whether a defendant has shown a just reason for withdrawal of the plea is a factual decision committed to the discretion of the trial court. *Id*. Among other factors, the trial court should consider: (1) whether the defendant has credibly asserted his or her legal innocence; (2) the length of delay between the entry of the guilty plea and the filing of the motion; (3) whether the defendant had the assistance of competent counsel at the time of the guilty plea; and (4) whether withdrawal of the plea will inconvenience the court and waste judicial resources. *Id*. Additionally, the good faith, credibility, and weight of the defendant's assertions in support of a motion to withdraw a guilty plea are matters for the trial court to decide. *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008).

We first address the State's assertion that Meyer "did not present any brief, affidavit, or evidence to support her motion to withdraw her guilty pleas" and that "this fact alone substantiates the district court's denial" of the motion. While the record supports the State's assertion that the motion to withdraw Meyer's guilty pleas was perfunctory,[4] we decline to find that fact dispositive in this case. Meyer was represented by counsel. Although trial counsel filed the motion at Meyer's request, the record does not indicate why trial counsel failed to support the motion with a brief identifying the applicable law or an affidavit from Meyer explaining the basis for the motion. Even if trial counsel disagreed with the motion, we do not attribute trial counsel's failure to cite the law

---

[4]     The motion reads, in its entirety: "[Meyer], by and through her attorney Thomas Gray, has requested [Meyer] be allowed to Withdraw her Guilty Plea. At [Meyer's] request, I am bringing her Motion to Withdraw her Guilty Plea before the Court. Her next Court Date is set on June 13, 2023 for sentencing and we are awaiting her Presentence Investigation and Report."

or support the motion with an affidavit to Meyer as a basis for foreclosing consideration of the merits of her claim.

A review of the record in this case shows that the district court's comments and analysis of Meyer's motion to withdraw her guilty pleas do not reflect an application of the relevant legal standards. The district court did not make any findings as to whether Meyer's guilty pleas were made knowingly, intelligently, or voluntarily. Instead, the district court appears to have assumed it was, stating: "I'm sure [the judge who accepted your guilty pleas] went through the same discussion with you as I would."[5] The district court also failed to cite the applicable law or make factual findings as to whether Meyer's stated reasons established a "just reason" for withdrawal of her guilty pleas. Rather, the district court told Meyer prior to her argument on the motion that it was "not something the court looks at favorably." That comment is not consistent with the just reason standard applicable to a motion to withdraw a guilty plea made prior to sentencing. Without acknowledgment of the applicable law and absent consideration of the *Sunseri* factors, we cannot determine whether the district court engaged in an exercise of reason.

Relying on *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009), the State contends any error in the district court's failure to apply the "just reason" standard is harmless. We disagree. In *Stone*, this Court held that the district court erred in failing to apply the "just reason" standard but concluded the error was harmless because Stone did not support his motion with any evidence. *Id.* The Court noted that supporting evidence is required if the motion is not based on matters that appear in the court record or are acknowledged or stipulated to by the State. Stone's motion required supporting evidence because it was "predicated on alleged facts about Stone's consultations with his attorney that do not appear in the record and which the State ha[d] not conceded." *Id.* Because Stone's motion contained "only unverified, hearsay assertions," the Court concluded they had "no evidentiary value." *Id.* Moreover, at the hearing on Stone's motion, Stone relied solely on his written filings. Without evidence, Stone's motion could not be granted under any standard. While Meyer's motion was not accompanied by an affidavit, she, unlike

---

[5]     We acknowledge that the change of plea transcript is included in the record and could aid in a determination of whether Meyer's guilty plea was knowing, intelligent, and voluntary. However, we decline to independently review that transcript and make findings not made by the district court.

Stone, provided testimony in support of her motion. Although the district court did not place Meyer under oath before she explained her stated reasons for requesting the withdrawals, the district court's failure to do so did not deprive her stated reasons of evidentiary value.

In addition to the evidentiary concern expressed by the Court in *Stone*, the Court's harmless error conclusion centered on a lack of preservation. Stone argued his motion to withdraw his guilty pleas should have been granted for reasons advanced for the first time on appeal. *Id*. Unsurprisingly, this Court rejected those arguments as a basis for showing error by the district court. *Id*. at 333-34, 208 P.3d at 737-38. Unlike in *Stone*, Meyer is not advancing any grounds for her motion to withdraw her guilty pleas that were not advanced to the district court. The harmless error analysis in *Stone* is inapposite.

Because the record shows that the district court failed to apply the relevant standards when evaluating Meyer's motion to withdraw her guilty pleas, we cannot say that the district court reached its decision by an exercise of reason. Accordingly, we reverse the district court's decision denying Meyer's motion to withdraw her guilty pleas in Docket No. 51039 and vacate the judgment in that case. In light of our holding, we do not address Meyer's corresponding sentencing arguments in Docket No. 51039.

## B.    Docket No. 51040--Sentence Reviews

Sentencing is a matter for the trial court's discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). The district court sentenced Meyer to concurrent unified terms of seven years, with minimum periods of confinement of three years, for possession of a controlled substance and introduction of major contraband into a correctional facility. On appeal, Meyer challenges both of the district court's sentences. We discuss each argument in turn.

8

### 1.    Possession of a controlled substance

The district court sentenced Meyer to a unified term of seven years, with a minimum period of confinement of three years, for possession of a controlled substance. On appeal, Meyer contends the district court abused its sentencing discretion and argues that, "in light of the mitigating factors present, [her] sentence is excessive considering any view of the facts." Applying the standards provided above, and having reviewed the record in this case, we cannot say that the district court abused its discretion in sentencing Meyer for possession of a controlled substance.

### 2.    Introduction of major contraband into a correctional facility

Meyer argues the district court erred in imposing her sentence for introduction of major contraband into a correctional facility because the sentence "exceeded the maximum penalty authorized by statute." The State concedes that Meyer's sentence "exceeds the maximum sentence permitted by law." We hold that Meyer's sentence for introduction of major contraband into a correctional facility is illegal.

Generally, whether a sentence is illegal or whether it was imposed in an illegal manner is a question of law, over which we exercise free review. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). The district court imposed concurrent unified sentences of seven years, with minimum periods of confinement of three years, for introduction of major contraband into a correctional facility and possession of a controlled substance. Idaho Code Section 18-2510(3) provides, in pertinent part: "No person including a prisoner, except as authorized by law or with permission of the facility head, shall knowingly: (a) Introduce, or attempt to introduce, major contraband into a correctional facility or the grounds of a correctional facility." Idaho Code Section 18-2510(4) details the penalty provision for violating I.C. § 18-2510(3) and states:

> Any person including a prisoner who violated any provision of subsection (3) of this section shall be guilty of a felony and on conviction shall be punished by imprisonment in the state prison for a period not exceeding five (5) years or by a fine not exceeding ten thousand ($10,000), or by both such imprisonment and fine.

Because the district court imposed a sentence that exceeds the maximum sentence permitted for introduction of major contraband into a correctional facility, Meyer's sentence is illegal. We therefore hold that the district court erred in imposing a sentence that exceeds the maximum sentence permitted for introduction of major contraband into a correctional facility. As

9

a result, we modify Meyer's sentence to a unified term of five years (instead of seven years), with a minimum period of confinement of three years, for introduction of major contraband into a correctional facility to run concurrently with her sentence for possession of a controlled substance.

## III.

## CONCLUSION

The district court abused its discretion in denying Meyer's motion to withdraw her guilty pleas in Docket No. 51039 because the district court failed to articulate and apply the relevant legal standards. Consequently, we vacate Meyer's judgment of conviction for two counts of criminal conspiracy and remand in Docket No. 51039 for further proceedings consistent with this opinion; as a result, we do not address Meyer's excessive sentence claims in that case. In Docket No. 51040, Meyer has failed to show her unified sentence of seven years, with a minimum period of confinement of three years, for possession of a controlled substance is excessive; we, therefore, affirm that sentence. The district court, however, erred by imposing a sentence that exceeds the maximum penalty allowed for introduction of major contraband into a correctional facility. As a result, we affirm Meyer's judgment of conviction but modify her sentence to a unified term of five years, with a minimum period of confinement of three years, for introduction of major contraband into a correctional facility in Docket No. 51040, which is to be served concurrently with her possession of a controlled substance sentence. The district court is hereby directed to enter an amended judgment of conviction in Docket No. 51040 that is consistent with this opinion.

Judge HUSKEY and Judge TRIBE, **CONCUR**.

10